**Original filed 2/2/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT RUSSELL, JR. | No. C 07-0155 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL; NO FILING FEE IS DUE |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of California, the Deputy District Attorney and the Deputy Public Defender assigned to his underlying state court criminal proceeding. Plaintiff alleges that he was unjustly charged with assault and convicted by a prejudiced jury. Plaintiff was sentenced to twenty-five years-to-life plus an additional ten years in state prison. The Court concludes that Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Accordingly, the complaint will be DISMISSED without prejudice.

\\\

\\\

Order of Dismissal
P:\pro-se\sj.jf\cr.07\Russell155dis          1

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.  Plaintiff's Claims

Plaintiff contends that he was unjustly charged with assault and convicted by a prejudiced jury. Plaintiff was sentenced to twenty-five years-to-life plus an additional ten years in state prison. Plaintiff seeks monetary damages and his release from prison with an apology. See Complaint at 2-4. However, the Court concludes that Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

Order of Dismissal
P:\pro-se\sj.jf\cr.07\Russell155dis        2

1 called into question by a federal court's issuance of a writ of habeas corpus.
2 Id. at 486-487.  A claim for damages bearing that relationship to a conviction or sentence
3 that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

4       Heck makes it clear that a § 1983 "cause of action for damages attributable to an
5 unconstitutional conviction or sentence does not accrue until the conviction or sentence
6 has been invalidated."  Id. at 489-90 (footnote omitted).  Any such claim is not cognizable
7 and therefore should be dismissed.  Edwards v. Balisok, 520 U.S. 641, 649 (1997);
8 Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck
9 may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

10       Heck generally bars claims challenging the validity of an arrest, prosecution or
11 conviction.  See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred
12 plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police
13 officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d
14 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims
15 until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)
16 (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and
17 brought unfounded criminal charges against him).  It also bars claims which "necessarily
18 imply" the invalidity of a conviction.  See, e.g., Valdez v. Rosenbaum, 302 F.3d 1039,
19 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel
20 while a pretrial detainee barred by Heck because claim would necessarily imply invalidity
21 of subsequent conviction).

22       Here, Plaintiff alleges that his assault conviction was unjust and that the jury was
23 prejudiced against him.  Plaintiff seeks monetary damages and his release from state
24 prison.  Plaintiff's success in this action would necessarily invalidate the underlying
25 criminal conviction and is barred under Heck.  Accordingly, the instant complaint is
26 dismissed without prejudice to Plaintiff refiling a new complaint in a new civil rights
27 action if his conviction is later invalidated.
28 \\\

Order of Dismissal
P:\pro-se\sj.jf\cr.07\Russell155dis       3

**CONCLUSION**

Plaintiff's complaint is DISMISSED without prejudice because Plaintiff's claims are barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). In light of the dismissal, no filing fee is due. The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED:  2/1/07

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\cr.07\Russell155dis          4

1  A copy of this ruling was mailed to the following:

2

3  Herbert Russell, Jr.
   T-72288
   Salinas Valley State Prison
4  P.O. Box 1060
   Soledad, CA  93960-1060
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\cr.07\Russell155dis            5